UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:  INEZ TRAVERS              BK No.: 1:11-bk-12650
        Debtor

INEZ TRAVERS                               :

   VS.                                    :     AP NO.:  1:10-ap-_____

BANK OF AMERICA, N.A., ALIAS  :
AND JOHN DOE, ALIAS              :

**COMPLAINT FOR DECLARATORY JUDGEMENT**
**EQUITABLE RELIEF, RESCISSION, RECOUPMENT AND DAMAGES**

1.     This Complaint is filed under the Truth in Lending Act, 15 U.S.C. §1601 (hereinafter called "Act") to enforce the Plaintiff's right to rescind a consumer credit transaction, to declare void the Defendant's security interest in the Plaintiff's home, and to seek statutory damages by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. 226 (hereinafter called "Regulation Z"), recoupment, interest, attorney fees and costs.

**JURISDICTION**

2.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This action is a core proceeding.

**PARTIES**

3.     The Plaintiff, Inez Travers, who has resided at 25 Cantara Street, West Warwick, Rhode Island since before July 24, 2007, was the owner of said property at the time of the granting of a mortgage in favor of Bank of America, N.A., on July 24, 2007.  She currently is the sole owner of the property.

4.     The Defendant, John Doe, Alias is any other entity holding any interest in the mortgage or note executed by Plaintiff, Inez Travers.

## FACTUAL FINANCIAL ALLEGATIONS

5. On or about July 24, 2007, Plaintiff entered into a consumer credit transaction (hereinafter "the transaction") with Bank of America, N.A. in which consumer credit was extended and subject to a finance charge which was initially payable to Bank of America, N.A.

6. As part of this consumer credit transaction, Bank of America, N.A., retained a security interest in the principal dwelling of the Plaintiff, her residence located at 25 Cantara Street, in the Town of West Warwick, Rhode Island.

7. At the time of the closing, regarding the aforementioned Mortgage transaction, the Plaintiff did not receive an accurate Truth in Lending Disclosure Statement as provided by TILA and Regulation Z. Specifically certain marked up charges, which were not bona fide and reasonable, were not listed as finance charges on the Truth in Lending Disclosure. In addition, the calculation of the Annual Percentage Rate was not accurate, within the tolerance regulations adopted by TILA and Regulation Z.

8. The Plaintiff did not receive two copies of the Notice of Right to Cancel at the closing.

## COUNT I

9. Plaintiff has forwarded a Notice of Rescission to BAC Home Loans, Servicing, LP on behalf of Bank of America, N.A. and any other alleged holder of the note and the mortgage and John Doe on June 19, 2010, by certified mail return receipt requested. This notice served as Notice of Rescission to the Defendant and any other party having interest in the note or mortgage.

10. BAC Home Loans, Servicing, LP on behalf of Bank of America, N.A. and John Doe on June 22, 2010, received the Notice of Rescission. Bank of America, N.A., on June 30, 2010 refused to honor the demand for rescission and to comply with the TILA and discharge the security interest on the Plaintiff's property.

11. This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. §1635 and Regulation Z (12 C.F.R. §226.23).

12. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. §1635(a) and Regulation Z §226.23(b) by failing to deliver on July 24, 2010 to the Plaintiff one copy of an accurate Truth in Lending Disclosure. This Truth in Lending Disclosure, on its face, did not disclose an accurate annual percentage rate and understated the finance charges.

13. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. §1635(a) and Regulation Z §226.23(b) by failing to deliver on July 24, 2007 to the Plaintiff, two copies each of a Notice of Right to Rescission.

14. Plaintiff has exercised her right of rescission pursuant to the provisions of 15 U.S.C. §1635 and Regulation Z by the rescission notice sent to BAC Home Loans Servicing, LP on behalf of Bank of America, N.A. and John Doe and by this Complaint.

15. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), Defendants are liable to Plaintiff for damages and other relief contained in the Act. Any statute of limitations has been equitably tolled due to the circumstances of this case.

16. Plaintiff is entitled to recoupment for any payments she has made on this loan along with any payments made from the loan proceeds to Bank of America, N.A. or John Doe.

## **COUNT II**

17. Paragraphs 1-16 are incorporated by reference.

18. Defendant failed to include in the finance charge certain charges imposed by Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d).

19. The Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(e).

20. By reason of the aforesaid violations of the Act and Regulation Z, Defendant is liable by way of recoupment to Plaintiff in the amount of twice the

3

finance charge, twice the actual damages to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. § 1640.

## COUNT III

21.    Paragraphs 1-20 are incorporated by reference.

22.    It is anticipated that Defendant Bank of America, N.A. or John Doe will file a claim in the underlying Chapter 13 proceeding, case number 1:11-bk-12650.

23.    Plaintiff alleges pursuant to the violation of the TILA that any such claim should be denied subject to the provisions of TILA.

24.    This adversary proceeding is being filed in order to object to any claim filed by Bank of America, N.A. or John Doe in addition to the relief otherwise sought in this Complaint.

25.    This Court has the jurisdiction to decide an Objection to a Claim in an Adversary Proceeding.

**WHEREFORE**, it is respectfully prayed that this Court:

1.    Assume jurisdiction of this case;

2.    Rescind the mortgage transaction between Plaintiff and Defendant;

3.    Order Defendant to take all action necessary to terminate any first mortgage security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void;

4.    Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or first mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of her property;

5.    Award the Plaintiff Statutory damages directly or by way of recoupment in the instant bankruptcy proceeding in an amount equal to twice the

finance charge in connection with this transaction, in an amount not less than $200 or more than $2,000 as provided under 15 U.S.C.§1640(a) for failure to honor the Notice of Rescission;

      6.     Order that the right to retain proceeds vests in Plaintiff;

      7.     Award the Plaintiff an amount equal to any actual damages as recoupment as proved by 15 U.S.C. § 1640(a) in an amount to be established at trial;

      8.     Award the Plaintiff recoupment pursuant to Rhode Island law of any funds paid in conjunction with the mortgage;

      9.     Award the Plaintiff enhanced damages in an amount equal to the sum of all finance charges and fees paid by the Plaintiffs as provided by 15 U.S.C. § 1640(a)(4) as an off set and recoupment against any funds allegedly due to Defendants;

      10.     Award the Plaintiff costs and a reasonable attorney's fee as provided under 15 U.S.C. § 1640(a);

      11.     Award such other and further relief as the Court deems just and proper and authorized under TILA and Regulation Z.

      12.     Deny any claim filed in the underlying bankruptcy case by Bank of America, N.A., John Doe or any other person or entity claiming to be the holder of the note or the mortgage.

      13.     Issue a Declaratory Judgment that any claim filed in the underlying bankruptcy case by Bank of America, N.A. and John Doe or any other person or entity claiming to be the holder of the note or the mortgage is an unsecured claim.

      14.     Award all other just and proper relief.

                                                                              PLAINTIFF,
                                                                              INEZ TRAVERS
                                                                              By her Attorney,

June 30, 2011

                                                                              /s/John B. Ennis
                                                                              John B. Ennis, Esq. # 2135
                                                                              1200 Reservoir Avenue
                                                                              Cranston, Rhode Island 02920
                                                                              (401) 943-9230 – office
                                                                              (401) 946-5006 – fax
                                                                              jbelaw@aol.com